(July 13, 2010)

■ MOHAMED M. ABDALLA, Appellant, v MAZL TAXI, INC., et al., Respondents. [903 NYS2d 902]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mayersohn, J.), entered December 15, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants, in support of their motion, relied on some of the plaintiff's own medical reports. One such report was that of the plaintiff's treating physician, Dr. Joyce Goldenberg, which revealed the existence of a significant limitation in the plaintiff's right knee flexion (*see Guerrero v Bernstein*, 57 AD3d 845 [2008]; *Mendola v Demetres*, 212 AD2d 515 [1995]). The other was an operative report of the plaintiff's treating orthopedic surgeon, Dr. Richard Seldes, which revealed, inter alia, the existence of a tear in the posterior horn of the medial meniscus in the right knee. Since the defendants did not meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Guerrero v Bernstein*, 57 AD3d at 845; *Mendola v Demetres*, 212 AD2d at 515). Fisher, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.